KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Criminal Case No. 08CR0895-W |
| Plaintiff, | ) ) ) | DATE:        May 13, 2008 TIME:         2:00 p.m. |
| v. | ) ) | Before Honorable Thomas J Whelan |
| OCTAVIO RUIZ-GOMEZ (1), JORGE ACUNA-BETANCOURT (2), JORGE AMES-BARR (3) | ) ) ) ) | UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS: |
| Defendant(s). | ) ) ) | (1)       TO COMPEL DISCOVERY; (2)       FOR LEAVE TO FILE FURTHER MOTIONS |
| | ) ) ) ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Response to Defendants' Motions in the above-referenced case. Said Response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

1    DATED: May 2, 2008.

2                                          Respectfully submitted,

3                                          KAREN P. HEWITT
                                           United States Attorney
4

5                                          s/ Aaron B. Clark
                                           AARON B. CLARK
6                                          Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2

1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                                    )    Criminal Case No. 08CR0895-W
    UNITED STATES OF AMERICA,         )
11                                    )    DATE:        May 12, 2008
                         Plaintiff,   )    TIME:        2:00 p.m.
12                                    )    Before Honorable Thomas J. Whelan
              v.                      )
13                                    )
    OCTAVIO RUIZ-GOMEZ (1), JORGE     )    UNITED  STATES'  STATEMENT  OF
14  ACUNA-BETANCOURT (2), JORGE       )    FACTS  AND  MEMORANDUM  OF
    AMES-BARR (3)                     )    POINTS AND AUTHORITIES
15                                    )
                      Defendant(s).   )
16  _____  )

17                                    **I**

18                      **STATEMENT OF THE CASE**

19         The Defendants, Octavio Ruiz-Gomez ("Ruiz-Gomez"), Jorge Acuna-Betancourt ("Acuna-

20  Betancourt"), and Jorge Ames-Barr ("Ames-Barr") (collectively "Defendants") were charged by

21  a grand jury on March 26, 2008 with three counts violating 8 U.S.C. §§ 1324(a)(2)(B)(ii),

22  Bringing in Illegal Aliens for Financial Gain and Title 18 U.S.C. § 2, Aiding and Abetting, and

23  three counts of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and

24  Aiding and Abetting.  Defendants were arraigned on the Indictment on March 27, 2008, and

25  entered pleas of not guilty.

26

27

28                                    3

**II**

**STATEMENT OF FACTS**

On the morning of March 12, 2008, at approximately 7:34 a.m., Customs and Border Protection ("CBP") Vessel M392779 received a call from Marine Task Force ("MTF") Agent Mark Levan. Agent Levan had received a call from a private towing company regarding a drifting boat at coordinates 32.44.25N, 117.25.08W, approximately 12 miles offshore of Point Loma, California.

Agents responded and encountered the drifting boat at approximately 8:07 a.m. The boat, a 1978 24 foot Skipjack ("the boat"), was without power and had 4 females and 11 males onboard. All subjects on the boat freely admitted to being Mexican citizens without documents to be in the United States legally. All fifteen people were eventually transported to the Marine Corps Recruit Depot ("MCRD") marina for processing.

Through interviews, occupants onboard the boat, including the three retained as material witnesses, identified Ruiz-Gomez as the driver of the boat, and Acuna-Betancourt and Ames-Barr as the people assisting him. They claimed that they had left Mexico two days earlier, traveling to the Coronado Islands on a different vessel. After boarding the boat upon which they were apprehended, they claimed they had been adrift in the ocean since late night March 10, 2008 due to a broken engine.

The three material witnesses each admitted they were Mexican citizens without documents to enter or remain in the United States legally. They further admitted they were to pay, or have paid on their behalf, between $3500 and $4500 to be smuggled into the United States.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.    **DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

1.    **The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

4

1    The government has disclosed, or will disclose well in advance of trial, any statements

2    subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendants' oral statements

3    *in response to government interrogation*) and 16(a)(1)(B) (Defendants' relevant written or

4    recorded statements, written records containing substance of Defendants' oral statements *in*

5    *response to government interrogation*, and Defendants' grand jury testimony).

6                    a.    The Government Will Comply With Rule 16(a)(1)(D)

7    To the extent they have criminal records, Defendants have already been provided with their

8    own "rap" sheets and the government will produce any additional information it uncovers

9    regarding Defendants' criminal record. Any subsequent or prior similar acts of Defendants that

10   the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be

11   provided, along with any accompanying reports, at a reasonable time in advance of trial.

12                   b.    The Government Will Comply With Rule 16(a)(1)(E)

13   The government will permit Defendants to inspect and copy or photograph all books,

14   papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof,

15   that are material to the preparation of Defendants' defense or are intended for use by the

16   government as evidence-in-chief at trial or were obtained from or belong to Defendants.

17   Reasonable efforts will be made to preserve relevant physical evidence which is in the

18   custody and control of the investigating agency and the prosecution, with the following

19   exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed

20   after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio

21   transmissions, if they existed, are frequently kept for only a short period of time and may no longer

22   be available. Counsel should contact the Assistant United States Attorney assigned to the case two

23   weeks before the scheduled trial date and the Assistant will make arrangements with the case agent

24   for counsel to view all evidence within the government's possession.

25                   c.    The Government Will Comply With Rule 16(a)(1)(F)

26

27

28                                              5

1    The government will permit Defendants to inspect and copy or photograph any results or

2    reports of physical or mental examinations, and of scientific tests or experiments, or copies

3    thereof, that are within the possession of the government, and by the exercise of due diligence may

4    become known to the attorney for the government and are material to the preparation of the

5    defense or are intended for use by the government as evidence-in-chief at the trial.  Counsel for

6    Defendants should contact the Assistant United States Attorney assigned to the case and the

7    Assistant will make arrangements with the case agent for counsel to view all evidence within the

8    government's possession.

9
          d.    The Government Will Comply With Its Obligations Under Brady v.
10               Maryland

11    The government is well aware of and will fully perform its duty under Brady v. Maryland,

12    373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory

13    evidence within its possession that is material to the issue of guilt or punishment.  Defendants,

14    however, are not entitled to all evidence known or believed to exist that is, or may be, favorable

15    to the accused, or that pertains to the credibility of the government's case.  As stated in United

16    States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

17         [T]he prosecution does not have a constitutional duty to disclose every bit of
           information that might affect the jury's decision; it need only disclose information
18         favorable to the defense that meets the appropriate standard of materiality.

19    611 F.2d at 774-775 (citations omitted).  See also United States v. Sukumolachan, 610 F.2d 685,

20    687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not

21    exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any

22    pretrial privileges not contained in the Federal Rules of Criminal Procedure).

23         e.    Discovery Regarding Government Witnesses

24              (1)    Agreements.  The government has disclosed or will disclose the

25    terms of any agreements by Government agents, employees, or attorneys with witnesses that

26    testify at trial.  Such information will be provided at or before the time of the filing of the

27

28                                        6

1   Government's trial memorandum.[1]  The government will comply with its obligations to disclose

2   impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

3                            (2)     Bias or Prejudice.  The government has provided or will provide

4   information related to the bias, prejudice or other motivation to lie of government trial witnesses

5   as required in Napue v. Illinois, 360 U.S. 264 (1959).

6                            (3)     Criminal Convictions.  The government has produced or will

7   produce any criminal convictions of government witnesses plus any *material* criminal acts which

8   did not result in conviction.  The government is not aware that any prospective witness is under

9   criminal investigation.

10                           (4)     Ability to Perceive.  The government has produced or will produce

11  any evidence that the ability of a government trial witness to perceive, communicate or tell the

12  truth is impaired or that such witnesses have ever used narcotics or other controlled substances,

13  or are alcoholics.

14                           (5)     Witness List.  The government will endeavor to provide Defendants

15  with a list of all witnesses which it intends to call in its case-in-chief at the time the government's

16  trial memorandum is filed, although delivery of such a list is not required.  See United States v.

17  Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d  933, 936 (9th Cir.

18  1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendants, however, are not

19  entitled to the production of addresses or phone numbers of possible government witnesses.  See

20  United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).

21  Defendants have already received access to the names of potential witnesses in this case in the

22  investigative reports previously provided to him or her.

23

24  _____

25  [1]     As with all other offers by the government to produce discovery earlier than it is required
    to do, the offer is made without prejudice.  If, as trial approaches, the government is not prepared
26  to make early discovery production, or if there is a strategic reason not to do so as to certain
    discovery, the government reserves the right to withhold the requested material until the time it
27  is required to be produced pursuant to discovery laws and rules.

28                                              7

1    (6)    <u>Witnesses Not to Be Called.</u>  The government is not required to

2    disclose all evidence it has or to make an accounting to Defendants of the investigative work it has

3    performed.  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u>  <u>United States v. Gardner</u>, 611 F.2d

4    770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendants

5    for discovery concerning any individuals whom the government does not intend to call as

6    witnesses.

7    (7)    <u>Favorable Statements.</u>  The government has disclosed or will

8    disclose the names of witnesses, if any, who have made favorable statements concerning

9    Defendants which meet the requirements of <u>Brady</u>.

10    (8)    <u>Review of Personnel Files.</u>  The government has requested or will

11    request a review of the personnel files of all federal law enforcement individuals who will be

12    called as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for

13    the appropriate federal law enforcement agency conduct such review.   <u>United States v. Herring</u>,

14    83 F.3d 1120 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir.

15    1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

16    Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>

17    <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

18    to the defense that meets the appropriate standard of materiality . . ."  <u>United States v. Cadet</u>, 727

19    F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

20    the information within its possession in such personnel files, the information will be submitted to

21    the Court for <u>in camera</u> inspection and review.

22    (9)    <u>Government Witness Statements.</u> Production of witness statements

23    is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

24    on direct examination. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States</u>

25    <u>v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and

26    therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject

27

28    8

1    to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under

2    the Act.  See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

3        The government reserves the right to withhold the statements of any particular witnesses

4    it deems necessary until after the witness testifies.  Otherwise, the government will disclose the

5    statements of witnesses at the time of the filing of the government's trial memorandum, provided

6    that defense counsel has complied with Defendants' obligations under Federal Rules of Criminal

7    Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse

8    Jencks" statements at that time.

9
         f.    The Government Objects To The Full Production Of Agents' Handwritten
10               Notes At This Time

11       Although the government has no objection to the preservation of agents' handwritten notes,

12   it objects to requests for full production for immediate examination and inspection.  If certain

13   rough notes become relevant during any evidentiary proceeding, those notes will be made

14   available.

15       Prior production of these notes is not necessary because they are not "statements" within

16   the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a

17   witness' assertions *and* they have been approved or adopted by the witness.  United States v.

18   Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin,  659 F.2d 932,

19   936-938 (9th Cir. 1981).

20       g.    All Investigatory Notes and Arrest Reports

21       The government objects to any request for production of all arrest reports, investigator's

22   notes, memos from arresting officers, and prosecution reports pertaining to Defendants.  Such

23   reports, except to the extent that they include Brady material or the statements of Defendants, are

24   protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in

25   connection with the investigation or prosecution of the case."

26

27

28                                                    9

1    Although agents' reports may have already been produced to the defense, the government

2    is not required to produce such reports, except to the extent they contain <u>Brady</u> or other such

3    material.  Furthermore, the government is not required to disclose all evidence it has or to render

4    an accounting to Defendants of the investigative work it has performed.  <u>Moore v. Illinois</u>,

5    408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).

6                        h.    <u>Expert Witnesses</u>.

7    Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial

8    memorandum, the government will provide the defense with notice of any expert witnesses the

9    testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of

10    Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the

11    reasons therefor, and the witnesses' qualifications.  Reciprocally, the government requests that the

12    defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

13                        i.    <u>Information Which May Result in Lower Sentence</u>.

14    Defendants have claimed or may claim that the government must disclose information

15    about any cooperation or any attempted cooperation with the government as well as any other

16    information affecting Defendants' sentencing guidelines because such information is discoverable

17    under <u>Brady v. Maryland</u>.  The government respectfully contends that it has no such disclosure

18    obligations under <u>Brady</u>.

19    The government is not obliged under <u>Brady</u> to furnish a defendant with information which

20    he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>,

21    479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).  <u>Brady</u> is a rule

22    of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to Defendants.

23    Assuming that Defendants did not already possess the information about factors which

24    might affect their respective guideline range, the government would not be required to provide

25    information bearing on Defendants' mitigation of punishment until after Defendants' conviction

26    or plea of guilty and prior to his sentencing date.  "No [<u>Brady</u>] violation occurs if the evidence is

27

28                                        10

1    disclosed to the defendant at a time when the disclosure remains of value." <u>United States v.</u>

2    <u>Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

3    **B.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

4    The United States does not object to the granting of leave to allow Defendants to file

5    further motions, as long as the order applies equally to both sides and additional motions are based

6    on newly discovered evidence or discovery provided by the United States subsequent to the instant

7    motion at issue.

8    **IV**

9    **CONCLUSION**

10    For the foregoing reasons, the government respectfully requests that Defendants' motions,

11    except where not opposed, be denied.

12

13    DATED: May 2, 2008.

14    Respectfully submitted,

15    KAREN P. HEWITT
      United States Attorney

16

17    s/ Aaron B. Clark
      AARON B. CLARK
18    Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0895-W |
| Plaintiff | |
| v. | CERTIFICATE OF SERVICE |
| OCTAVIO RUIZ-GOMEZ (1), JORGE ACUNA-BETANCOURT (2), JORGE AMES-BARR (3), | |
| Defendant(s). | |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Michelle Betancourt, Federal Defenders of San Diego

2. Bernard G. Skomal

3. Carolyn L. Oliver

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2008.

s/ Aaron B. Clark
AARON B. CLARK